UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 1:21-CR-57-HAB |
| ) | |
| KENNETH HALE ) | |

**OPINION AND ORDER**

Defendant Kenneth Hale ("Hale") seeks compassionate release under 18 U.S.C §3582(c)(1)(A) (ECF No. 58). He asks the Court to reduce his sentence due to the ongoing pandemic and his physical and mental health conditions. The Government opposes the motion in principal and because Hale has not exhausted his administrative remedies prior to filing his motion. (ECF No. 60). Hale did not file a reply and the time to do so has passed. Because the Government is correct that Hale failed to exhaust his administrative remedies prior to filing his compassionate release motion, the Defendant's motion will be DENIED.

**DISCUSSION**

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). But a handful of statutory exceptions exist, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights … may reduce the term of imprisonment … after considering the factors set forth in [18 U.S.C. § 3553(a)] … if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission…" Accordingly, for a defendant to be eligible

for compassionate release he must have exhausted his administrative remedies. Additionally, the Court must find that (1) extraordinary and compelling reasons for release exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant release.

Prisoners have two routes to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A).  In *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021), the Seventh Circuit clarified that the exhaustion requirement is a mandatory claim-processing rule and "*must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense, a defendant has the burden to show he properly exhausted all administrative avenues available to him. *Sanford*, 986 F.3d at 781–82 ("the defendant must first present his request for compassionate release to the warden *and exhaust administrative appeals* (if the request is denied)…").

Further, to properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau of Prisons an opportunity to evaluate issues before they are brought to federal court. *Id*.

A review of Hale's own filing fails to show that he has met the exhaustion requirement. His two page, four paragraph request for compassionate release makes no mention of having exhausted his administrative remedies. In short, Hale needed to, but did not, exhaust his administrative remedies before filing his compassionate release motion and, for this reason, the Court must dismiss his motion.

## **CONCLUSION**

For the above reasons, the Defendant's Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A) is DENIED. (ECF No. 58).

SO ORDERED on February 2, 2023.

                                              s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT